# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BRANDON L JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-09009-MC-RK |
| | ) |
| BRIAN KERNS, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING LEAVE TO FILE OUT OF TIME

Before the Court is Plaintiff's response to this Court's order to show cause. (Doc. 6.) In a prior order, this Court found Defendant in contempt for failing to comply with a subpoena and ordered him to attend a deposition and pay Plaintiff's reasonable fees and costs. (Doc. 4.) The order also required Plaintiff to file a deposition notice in this Court specifying the time and place of the deposition and allowed him to file a motion detailing his fees and costs within 14 days after the deposition. Plaintiff failed to do so, however. The Court then issued a show-cause order to Plaintiff. In his show-cause response, which is now before the Court, Plaintiff moved for leave to file his deposition notice and a motion to detail his fees, costs, and expenses out of time. Defendant did not file suggestions in opposition to the motion for leave contained in Plaintiff's show-cause response within the time to do so, and the motion is ready for decision.

The Court may extend a deadline "for good cause . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable concept that requires the Court to take into account "all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Generally, excusable neglect must be attributable to negligence, not ignorance or carelessness on the part of an attorney. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

Plaintiff argues that his neglect was excusable because his counsel was focused on preparing for the deposition and handling other matters, and because there would be no prejudice

to any party.  After considering the above factors and the circumstances of this case, the Court finds the neglect to be excusable.  Plaintiff's failure to meet the Court's deadlines appears to have resulted in no prejudice, and the Court believes the neglect was due to negligence, not carelessness or bad faith.

Accordingly, it is **ORDERED** that:

1. Plaintiff's motion is **GRANTED**.  (Doc. 6.)  Plaintiff may file his deposition notice and motion detailing his costs, fees, and expenses within seven days of this Order, per this Court's Local Rule 15.1(b).
2. Defendant may then file suggestions in opposition to the reasonableness of the request for costs, fees, and expenses in this Court within 14 days after the motion is filed, per this Court's Local Rule 7.0(c).

The Court directs the Clerk's office to mail a copy of this Order to Defendant at his last known address:

Brian Matthew Kerns
834 S. Highland Ave.
Joplin, Missouri 64801

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 21, 2019